## DAVIS *v.* MILLS.

### (*Nashville.* January 13th, 1888.)

WITNESS. *Fees of. Absent at trial.*

A witness, absent at the trial, is not entitled to fees for his previous attendance.

Case cited and approved: Williamson *v.* Henderson, 1 Overton, 424.

## FROM MAURY.

Appeal in error from Circuit Court of Maury County. W. S. McLEMORE, J.

GEO. C. TAYLOR for Davis.

L. P. PADGETT for Mills.

The report of the Commission of Referees, prepared by Hon. W. C. Caldwell, was confirmed from the Bench, and is given as the opinion of the Court:

## REPORT.

W. C. CALDWELL, R.    The question for decision arose upon motion for retaxation of costs.  The original case was decided, and costs adjudged in favor of the defendant, and at the following term of the Court the motion was entered.  The object is to have the item of ten dollars and fifty-nine cents, for witness' fees to James T. Moore, stricken from the bill of costs.  The facts are embraced in a written agreement, as follows:

"In this case it is agreed by the parties that James T. Moore was regularly summoned as a witness in behalf of defendant;     *     *     *     that the evidence of said Moore was material as to the issues involved; that said Moore attended Court the number of days charged in the bill of costs, and the mileage and pikeage charged is correct; the said Moore was not in attendance on the day of the trial, for the reason that his wife was sick, and was not examined as a witness at the trial; that he knew the day of trial, but did not attend on account of the sickness of his wife, who was very sick on that day.  Moore has no children and no one else to remain with his wife in his absence.  There is no charge made by Moore for that day, but only for the days he attended prior

Davis *v.* Mills.

to that day, when, for good causes shown, the case was continued."

The Circuit Court overruled the motion, and plaintiff has appealed in error.

The question is, Can the former attendance of a witness, who did not attend the trial, be taxed? It was expressly held in the case of *Williamson* v. *Henderson,* 1 Overton R., 424, that it cannot. We have been unable to find any other authority on the point.

The judgment should be reversed and the motion sustained at the cost of the defendant.